# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

*IN RE:*

ADAM WESTON CURRAN,
SS# XXX-XX-9330

   DEBTOR.

_____

DAVID HANSEN AND
JIRA HANSEN,

   PLAINTIFF'S,

V.

ADAM WESTON CURRAN,

   DEFENDANT.

CASE NO. 15-11395-M
CHAPTER 7

ADV. PROC. NO:

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

  David Hansen and Jira Hansen (hereinafter "Hansen"), by and through their undersigned counsel, for their Complaint against the Debtor, Adam Weston Curran, allege and state as follows:

<u>Jurisdictional Allegations</u>

  1. This Court has jurisdiction over the parties and subject of this core proceeding under 28 U.S.C. §157(b)(2)(I) and 1334.

  2. Adam Weston Curran, the Debtor, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on July 25, 2015.

3. This is an adversary proceeding to determine the dischargeability of a debt Plaintiffs assert is owed by the Debtor arising out of a Residential Construction Agreement between Plaintiffs and Adams W. Curran Homes, Inc., a closely held corporation owned solely by the Debtor, pursuant to 11 U.S.C. §523(a)(2)(A) and (a)(4). This adversary proceeding is authorized by Rule 4007 Fed R. Bankr. P.

Factual Allegations

4. The Plaintiffs and Debtor, Adam W. Curran a/k/a Adam W. Curran Homes, Inc. entered into a Residential Construction Agreement dated on or about March 30, 2015 (the "Agreement"), pursuant to which Adam W. Curran Homes, Inc. was to remodel multiple rooms for the Plaintiffs in their residence which is legally described as follows:

> Lot 17 Block 1, Slate Creek, an addition to Tulsa County, State of Oklahoma, According to the recorded plat thereof (a/k/a 11907 South 7th Street East, Jenks, Oklahoma)

5. The remodeling price under the Agreement was for a total of $215,000.00 which the Plaintiffs were to pay in installments upon completion of certain stages of the remodeling process.

6. Despite paying installments totaling $164,045.00, the work which should have been done on the property was not complete.

7. Within a few months after the remodeling began, the Debtor informed the Plaintiffs by filing a Chapter 7 Bankruptcy that his intention was not to finish remodeling the Plaintiffs home per the Agreement of the parties. However, shortly before the Debtor filed bankruptcy he contacted the Plaintiffs and told them if they would give him additional money he would ensure that the project was completed at a later date.

8. There remain unfinished items relating to the remodeling, all of which Plaintiffs have paid for and which Debtor or his company have failed to provide.

9. To the date of this Complaint, Plaintiffs continue to expend monies to finish the remodeling of the multiple rooms, despite already having paid Debtor and his company to perform, complete, or pay others for that work.  Moreover, there remains substantial remedial work that must be performed at the property, all which was included in the amount(s) by the Plaintiffs.

10. In addition to Debtor's failure to timely complete the work contemplated under the Agreement, and reiterated to Plaintiffs in Debtors personal promises to Plaintiffs, the Debtor also failed to pay various suppliers and subcontractors that provided materials or performed work on the Property resulting in numerous liens being filed.

11. That the Debtor failed to pay for permits which were required for a significant part of the remodeling.  That the Debtor failed to remodel the inside of the home according to the City of Tulsa permit codes.  That the Debtor did work which he was not qualified to do instead of hiring a qualified person to perform same.

12. To the date of this Complaint the Plaintiff's property has been, or may be, encumbered by the following liens:

| Claimant | Services or Material | Recoding Data | Amount |
|---|---|---|---|
| Building Solutions, LLC | Lumber productions and Insulation | #2015009744 | $17,400.81 |
| L&M Plumbing | Plumbing | #2015010443 | $2,433.74 |
| Dyer Glass & Mirror Inc. | Labor and Materials | #2015009610 | $1,075.94 |
| Oaktree Floors, Inc. | Sanded, stained and sealed wood floors | | $562.50 |
| **TOTAL** | | | $21,472.99 |

13. There remain numerous tasks that were to be completed under the Agreement for which Debtor and his company was paid, but which have not been completed. Plaintiffs will continue to incur substantial expenses to complete these items, all of which they have already paid the Debtor and his company to complete. Based upon an initial accounting, the Debtor owes the Plaintiffs an additional $39,874.10 for services, labor and materials paid but not rendered.

First claim for Relief – 11 U.S. C. §523(a)(4)

14. The Debtor is the sole owner of Adam W. Curran Homes, Inc. and was at all times pertinent to this action primarily responsible for the operation of the company, including the company's bank accounts and financial operations.

15. Pursuant to 11 U.S.C. §523(a)(4), a discharge under section 727 does not discharge an individual debtor from any debt for "fraud or defalcation while acting in a fiduciary capacity".

16. The payments of the sums due under the Agreement created a fiduciary relationship between Plaintiffs and the Debtor, pursuant to which the Debtor had a fiduciary obligation to utilize those funds to pay suppliers and sub-contractors for work performed at the property.

17. The fiduciary duty of the Debtor also included an obligation to ensure that the services being performed at the property, and paid for by the Plaintiffs, were done in a good and workmanlike manner.

18. The Debtor has breached his fiduciary duty to the Plaintiffs by failing to pay for materials delivered and services performed at the property despite having received the agreed

upon amounts from the Plaintiffs for materials and labor. Furthermore, the Debtor has breached his duty by failing to ensure that the work on the Property was fully and properly completed.

Second Claim for Relief – 11 U.S.C. § 523(a)(4).

19.     Throughout the course of the Agreement, the Debtor made numerous statements to the Plaintiffs designed to induce them to pay additional money to the Debtor's company.

20.     These statements included representations that the Plaintiffs needed to advance an additional sum of monies to complete the remodeling so same could be completed at a later date.

21.     Each of these representations was made by Debtor for the purpose of inducing the Plaintiffs to pay the Debtor amounts due under the Agreement despite the lack of performance by the Debtor.

22.     Many of the Debtor's representations were false, and at the time they were made the Debtor knew, or should have known, that the representations made to the Plaintiffs were false.

23.     Plaintiffs' relied on the Debtor's statements and continued to pay the Debtor not knowing that he was filing a Chapter 7 Bankruptcy and not paying his subcontractors, only to learn that the debtor's statements were false. As a result, the Plaintiffs have been damaged in the amounts described hereinabove, plus amounts as yet undetermined, to finish work the Debtor promised that he would have completed.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor against the Debtor, excepting from debtor's discharge the amount of $21,472.99 plus such amounts for the completion of unfinished work at the property and the amount of $39,874.10 for overpayment to the debter as may be established at trial, and such other relief as is just and equitable.

        Respectfully submitted,

*s/W. Allen Vaughn*
W. Allen Vaughn**,** OBA #14434
2200 South Utica Place, Suite 222
Tulsa, OK 74114
(918) 744-7500 (Telephone)
(918) 744-7506 (Facsimile)
avaughnlaw@hotmail.com
**Attorney for David & Jira Hansen**